Larry J. Wulkan (Bar No. 021404)
Javier Torres (Bar No. 0032397)
David C. Onuschak (Bar No.033405)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  larry.wulkan@stinson.com
        javier.torres@stinson.com
        david.onuschak@stinson.com

Kathleen E. Brody (Bar No. 026331)
William B. Peard (Bar No. 033831)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Tel: (602) 650-1854
Email:  kbrody@acluaz.org
        bpeard@acluaz.org

Attorneys for American Civil Liberties Union of Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| American Civil Liberties Union of Arizona, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security, | |
| Defendant. | |

## **Introduction**

1. The American Civil Liberties Union of Arizona ("the ACLU of Arizona") seeks injunctive and other appropriate relief, pursuant to 5 U.S.C. § 552, including the immediate processing and release of agency records improperly withheld by Defendants United States Department of Homeland Security ("DHS") and its sub-agency U.S. Immigration and Customs Enforcement ("ICE").

2. On September 24, 2018, the ACLU of Arizona submitted a Freedom of Information Act ("FOIA") request seeking records related to the day-to-day operations of the Law Enforcement Support Center ("LESC"), a component entity housed within ICE. A copy of the request is attached as **Exhibit A**.

3. The LESC provides immigration status, identity information, and real-time assistance to local, state, and federal law-enforcement agencies regarding people who come into contact with local and state law enforcement officers.

4. In particular, the LESC serves as the single national point of contact to provide timely immigration status information to local law enforcement officers when a local officer stops a driver for a traffic offense and subsequently develops suspicion that the driver may be in violation of federal immigration laws. The ACLU of Arizona seeks the requested records in order to shed light on the nature of these routine interactions between local police and the federal agency that is primarily responsible for enforcing federal immigration laws.

5. To date, Defendants have not produced any records responsive to the ACLU of Arizona's September 24, 2018 FOIA request.

**Jurisdiction and Venue**

6. The subject matter and parties fall under this Court's jurisdiction under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. § 1331.

7. The ACLU of Arizona's principal place of business is in the District of Arizona; venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**Parties**

8. The ACLU of Arizona is a nonprofit, 501(c)(4) organization and is the state affiliate organization of the national American Civil Liberties Union ("National ACLU"), with approximately 18,000 supporters in Arizona. The National ACLU is a nationwide, nonprofit, nonpartisan organization dedicated to protecting civil liberties and human rights in the United States. Both the ACLU of Arizona and the National ACLU work daily in courts, legislatures, and local communities to defend and preserve the individual rights

and liberties that the Constitution and laws of the United States guarantee everyone in this country. The ACLU of Arizona has a particular commitment to ensuring that fundamental constitutional protections of due process, equal protection, and freedom from unreasonable searches and seizures are extended to every person, regardless of citizenship or immigration status. Additionally, the ACLU of Arizona educates the public about civil liberties issues that are frequently revealed through government records made public through FOIA and similar state statutes.

9. Defendant Department of Homeland Security is a department of the Executive Branch of the U.S. Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant U.S. Immigration and Customs Enforcement is a component of DHS and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

11. Defendants have possession, custody, or control of the requested records.

**Facts**

12. On September 24, 2018, the ACLU of Arizona sent its request for records by email and by certified mail, with a United States Postal Service tracking number of 70172620000113534301.

13. The ACLU of Arizona emphasized that the documents responsive to the request would "allow the public to better understand what transpires when a local law enforcement officer contacts LESC to assist in determining an individual's federal immigration status" and that the ACLU of Arizona "intends to share responsive documents with the general public and to analyze specific documents to raise public awareness of this unique form of interaction between local and federal law enforcement." The ACLU of Arizona's request also includes a request for a fee waiver or limitation under 5 U.S.C. § 552(a)(4)(A)(iii) because the disclosure of the requested records is in the public interest and not in the ACLU of Arizona's commercial interest, and because the ACLU of Arizona qualifies as a "representative of the news media."

14. On September 26, 2018, ICE acknowledged, via email, receipt of the ACLU of Arizona's request, issued tracking number 2018-IFCO-66639, and requested a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). A copy of that correspondence is attached as **Exhibit B**.

15. As of the filing of this complaint, Defendants have not produced any responsive records, have not communicated to the ACLU of Arizona about whether any responsive records have been located within the agency, and have not communicated to the ACLU of Arizona about whether Defendants intend to produce any responsive records, or on what timeline they intend to do so.

16. Because Defendants failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), the ACLU of Arizona is deemed to have exhausted its administrative remedies with respect to the request under 5 U.S.C. § 552(a)(6)(C)(i).

## **Defendants Have Violated FOIA**

17. Under FOIA, Defendants have a legal duty to determine, within 20 days (excepting Saturdays, Sundays and legal public holidays) after receiving a request, whether they will comply with a FOIA request.

18. Defendants also have a legal duty to immediately notify a requester of their determination and the reasons therefor.

19. To date, other than Defendants' September 26, 2018 email, the ACLU of Arizona has received no communications from Defendants regarding its request. Specifically, ACLU of Arizona has not received a determination regarding its request from Defendants or from any component agency of DHS or ICE.

20. Defendants' failure to determine whether they will comply with the ACLU of Arizona's request, within 20 business days after receiving it, violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

4

21. Under FOIA, the ACLU of Arizona also has a legal right to promptly obtain the specific agency records specified in its September 24, 2018 request, which Defendants currently maintain, posses, or control in their custody.

22. There exists no legal basis for Defendants' failure to make the requested records promptly available to the ACLU of Arizona, its members, and the public.

23. Defendants' failure to promptly make available the records requested violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

## REQUESTED RELIEF

WHEREFORE, the ACLU of Arizona requests that the Court award it the following relief:

24. Declare that Defendants violated FOIA by failing to determine whether to comply with the ACLU of Arizona's request within 20 business days and by failing to immediately thereafter notify the ACLU of Arizona of such determination and the reasons therefor;

25. Declare that Defendants violated FOIA by unlawfully withholding the requested records;

26. Order Defendants to immediately disclose the requested records to the public and make copies immediately available to the ACLU of Arizona without charge for any search or duplication fees;

27. Award the ACLU of Arizona its costs and attorneys' fees; and

28. Grant such other relief as the Court may deem just and proper.

DATED this 19th day of December 2018.

        **STINSON LEONARD STREET LLP**

By:   /s/ *Larry J. Wulkan*
       Larry J. Wulkan
       Javier Torres
       David C. Onuschak
       1850 North Central Avenue, Suite 2100
       Phoenix, Arizona 85004-4584
       (602) 279-1600

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ACLU FOUNDATION OF ARIZONA**

Kathleen E. Brody
William B. Peard
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
(602) 650-1854

Attorneys for the ACLU of Arizona